Filed 9/26/22  P. v. Resendiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077415 |
| v. | (Super.Ct.No. RIF121168) |
| ELISEO RICARDO RESENDIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.

Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Senior Assistant Attorney

General, Charles C. Ragland, Supervising Deputy Attorney General, and Adrian R.

Contreras, Deputy Attorney General, for Plaintiff and Respondent.

In 2008, petitioner Eliseo Ricardo Resendiz was convicted of attempted murder,

along with other crimes.  In 2021, he filed a petition for resentencing under Penal Code

1

section 1172.6.[1] (All further statutory citations are to the Penal Code, unless otherwise specified.) The trial court denied the petition summarily, without appointing counsel and without setting a hearing. It ruled that petitioner was categorically ineligible for relief because he was convicted of attempted murder rather than murder.

That ruling was correct under the law as it then stood. While this appeal was pending, however, section 1172.6 was amended so that a person convicted of attempted murder is now at least potentially eligible for relief. Petitioner contends that he is entitled to the ameliorative benefit of this amendment.

The People respond, however, that petitioner is categorically ineligible for relief for another reason: He was convicted of attempted murder as a direct perpetrator, rather than under the natural and probable consequences doctrine. To demonstrate this, they point to the jury instructions given at petitioner's trial. Petitioner counters that the jury instructions fall short of establishing conclusively that he was not convicted under the natural and probable consequences doctrine.

In the interest of judicial economy, we have taken judicial notice on our own motion of the entire record in petitioner's direct appeal. It does conclusively establish that petitioner was not convicted under the natural and probable consequences doctrine. Accordingly, any error below was harmless.

---

[1] The petition was actually filed under former section 1170.95. While this appeal was pending, former section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will use section 1172.6 anachronistically to refer to whichever one of the two statutes was in effect at the relevant time.

# I

# LEGAL BACKGROUND

A. *Senate Bill No. 1437 Enacted Section 1172.6.*

In 2008, when petitioner was convicted, an aider and abettor who lacked the intent to kill could nevertheless be found guilty of attempted murder. Under the natural and probable consequences doctrine, if a person intentionally aided and abetted a lesser "target" crime, such as unlawfully taking and driving a vehicle; if it was reasonably foreseeable that the perpetrator would commit attempted murder; and if the perpetrator did commit attempted murder, the aider and abettor would also be guilty of attempted murder. (See generally *People v. Prettyman* (1996) 14 Cal.4th 248, 260-263.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019. (Stats. 2018, ch. 1015.) Among other things, it amended section 188 so as to abrogate the natural and probable consequences doctrine as applied to murder. (§ 188, subd. (a)(3), Stats. 2018, ch. 1015, § 2; see also *People v. Gentile* (2020) 10 Cal.5th 830, 849-851.) As a result, an aider and abettor cannot be guilty of either murder or attempted murder unless he or she personally acted with malice. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205.) However, SB 1437 did not affect the liability of a direct perpetrator of murder or attempted murder.

SB 1437 also enacted section 1172.6. (Stats. 2018, ch. 1015, § 4.) As originally enacted, it allowed a person who had been convicted of murder under a natural and probable consequences theory, and who could not be convicted of murder after SB 1437,

to petition to have the conviction vacated. (Former § 1170.95, subd. (a), Stats. 2018, ch. 1015, § 4.)

At the time, section 1172.6 did not mention attempted murder. Hence, it was generally held that a person convicted of attempted murder, rather than murder, was not eligible for relief. (E.g., *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917 [Fourth Dist., Div. Two].)

In October 2021, however, Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775) amended section 1172.6, effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) It made section 1172.6 applicable to attempted murder. In other words, a person convicted of *attempted* murder under the natural and probable consequences doctrine, who could not be convicted of *attempted* murder after SB 1437, is now entitled to relief. (§ 1172.6, subds. (a), (d), (e), Stats. 2021, ch. 551, § 2.)

B. *Procedure Under Section 1172.6.*

A petition under section 1172.6 must allege that the petitioner:

(1) was charged with murder or attempted murder on either a felony murder or a natural and probable consequences theory,

(2) either:

(a) "was convicted of murder [or] attempted murder . . . following a trial"; or

(b) "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder," and

4

(3) "could not presently be convicted of murder or attempted murder" because of SB 1437. (§ 1172.6, subd. (a).)

As long as the petition alleges each of these three prerequisites, the trial must appoint counsel, on request. (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 961-970 (*Lewis*).) The prosecution must file a response within 60 days. The petitioner may file a reply within another 30 days. Then the trial court must hold a hearing to determine whether the petition states a prima facie claim for relief. (§ 1172.6, subd. (c).)

At the prima facie hearing, the trial court can consider the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) "'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' [Citation.]" (*Id*. at p. 971.) However, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id*. at p. 972.)

If the petition does state a prima facie claim, the trial court must hold an evidentiary hearing, at which the prosecution has the burden to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder even under SB 1437. (§ 1172.6, subds. (d)(1), (d)(3).)

5

## II

## STATEMENT OF THE CASE

In 2008, petitioner was convicted of multiple crimes, including one count of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a)) and one count of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)). He was sentenced to a total of 29 years to life in prison.

In 2021, he filed a petition, in pro. per., for resentencing pursuant to section 1172.6. At a status conference, the trial court dismissed the petition without appointing counsel and without holding a hearing. It ruled that petitioner was not eligible for relief because he had been convicted of attempted murder rather than murder.

Petitioner appealed. In August 2021, before SB 775 was enacted, he filed his opening brief. He argued that — despite the contrary case law — the trial court erred by ruling that a person convicted of attempted murder was not eligible for relief.

In November 2021, the People filed their respondent's brief. They noted that SB 775 had been enacted and was due to go into effect on January 1, 2022. They argued, however, that petitioner had not been convicted on a natural and probable consequences theory, as shown by the fact that the jury had not been instructed on the doctrine.

Later in November 2021, petitioner filed his reply brief. He argued that, under SB 775, he would no longer be ineligible for relief just because he was convicted of attempted murder. He also argued that the jury instructions did not conclusively establish that he was not convicted on a natural and probable consequences theory.

6

III

## THE APPLICATION OF SB 775

The trial court ruled that petitioner was ineligible for relief because he was convicted of attempted murder. With SB 775 now in effect, we must treat this as error. Petitioner is entitled to the benefit of these ameliorative amendments, because the order denying his petition is not yet final. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

IV

## FAILURE TO APPOINT COUNSEL

Petitioner contends that the trial court erred by denying the petition without appointing counsel and without holding a hearing.

In *Lewis*, the Supreme Court held that, as long as the petition contains the minimum required allegations, the trial court must appoint counsel and must hold a prima facie hearing. (*Lewis, supra,* 11 Cal.5th at pp. 961-970.)

When the trial court ruled, however, SB 775 was not yet in effect. Thus, the trial court correctly ruled that the petition did not include one of the minimum required allegations — i.e., that petitioner had been convicted of murder. Admittedly, we must treat this as error, but only because SB 775 is now in effect. Accordingly, this is not really a separate contention; rather, it is just another way of arguing that petitioner is entitled to the benefits of SB 775. (See part III, *ante*.)

7

# V

# HARMLESS ERROR

The People contend that any error was harmless, and remand would be an idle act, because the record of conviction demonstrates that petitioner was not convicted on a natural and probable consequences theory.

They cite the jury instructions, which show that the trial court did not instruct the natural and probable consequences doctrine. (E.g., CALCRIM Nos. 402, 403.)  In fact, it did not instruct on aiding and abetting at all.  Rather, the only theory of attempted murder on which it instructed required the jury to find "[t]he defendant intended to kill."  Moreover, to find that the attempted murder was willful, deliberate, and premeditated, the jury had to find that "he intended to kill when he acted."

Petitioner responds that the jury instructions do not *conclusively* establish that he was not convicted on a natural and probable consequences theory: "For example, . . . it may be that the prosecutor argued such a theory in closing argument . . . ."  "Similarly, it may be that during deliberations, the jury submitted a question to the trial court regarding aiding and abetting liability, to which the trial court responded by instructing on an additional and alternative natural and probable consequences theory of liability."

In the interest of judicial economy, we have taken judicial notice of the record in petitioner's direct appeal.  It conclusively demonstrates that he was not convicted on a natural and probable consequences theory.  Thus, there is no reasonable probability that,

8

even if the trial court had held a prima facie hearing, it would then have set an evidentiary hearing.

The evidence showed that petitioner stole a Honda Civic. The owner's boyfriend followed him in a pickup truck. The boyfriend caught up with petitioner and drove alongside him, to his right. Petitioner rolled down the passenger side window and fired three shots at the boyfriend. The shots missed the boyfriend but left holes in the pickup.

Admittedly, petitioner had an accomplice. Someone driving his girlfriend's Nissan Maxima brought him to the scene of the theft and drove away from the scene in coordination with him. In closing argument, petitioner's counsel conceded that petitioner and a second person stole the Honda but argued that petitioner was in the Nissan and was not the shooter. Petitioner's counsel suggested that the owner's boyfriend saw petitioner driving the Nissan, did not actually see the person driving the Honda, who shot at him, and deliberately misidentified petitioner as the shooter so someone involved would be held responsible. Significantly, he presented this as a complete defense to the attempted murder charge. The prosecutor did not argue — and, given the jury instructions, could not argue — that *even if* petitioner was only an aider and abettor, he could still be guilty of attempted murder based on the natural and probable consequences doctrine.

The jury asked two questions, but they, and the trial court's response to them, were unrelated to the natural and probable consequences doctrine.

In sum, then, the record of conviction establishes conclusively that petitioner is not entitled to relief. It follows that the errors were harmless under any standard.

9

## VI

## DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                    P. J.


We concur:

McKINSTER
                        J.

MILLER
                        J.

10